MAURICE O'CONNELL *vs.* JOHN M'GRATH.

The use of a portion of leased premises for the illegal sale of intoxicating liquors, by an undertenant of the lessee, and without the lessee's knowledge, will not annul the lease, under Gen. Sts. *c.* 87, § 8.

ACTION under Gen. Sts. *c.* 137, to recover possession of a house in Boston, leased by the plaintiff to the defendant.

At the trial in the superior court, before *Wilkinson,* J., it appeared that a portion of the house was underlet by the defendant, without objection on the part of the plaintiff; and the plaintiff claimed possession under Gen. Sts. *c.* 87, § 8, alleging that part of the house so underlet was used by the undertenant for the illegal sale of intoxicating liquors. The judge instructed the jury that proof of such use would be insufficient, without further proof that it was with the knowledge of the defendant.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. Russ,* for the plaintiff.

*L. M. Child,* for the defendant, cited *Way* v. *Reed,* 6 Allen, 364, 370.

BIGELOW, C. J. The plaintiff has no valid ground of exception to the ruling of the court. The evidence did not show any act by the defendant which avoided his lease from the plaintiff. It is only a tenant or occupant who uses demised premises for unlawful purposes that forfeits his right or title to continue in

the possession and use of " a building, place or tenement," under Gen. Sts. *c.* 87, §§ 6 and 8. Nothing appeared at the trial from which any improper or unlawful use of the premises by the defendant could be inferred. On the contrary, the jury have found under the instructions of the court that any such use of the house was without the knowledge or consent of the defendant. His right to underlet a portion of the premises is not disputed. The statute does not make his right to occupy depend on the acts or conduct of his undertenant of which he had no knowledge. *Healy* v. *Trant*, 15 Gray, 312. *Exceptions overruled.*